DLD-222                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1777
_____

FREDERICK H. BANKS,
                                        Appellant

v.

PRESIDENT UNITED STATES OF AMERICA;
ATTORNEY GENERAL UNITED STATES OF AMERICA;
WARDEN ALLENWOOD FCI; FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00535)
District Judge:  Honorable Christopher C. Conner
_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: September 16, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frederick Banks appeals the District Court's order dismissing his petition for a writ of habeas corpus. The Government has filed a motion for summary affirmance. For the reasons that follow, we will grant the Government's motion and summarily affirm the District Court's judgment.

In his habeas petition, Banks, a federal prisoner, alleged that the warden directed prison staff to deny Banks access to a law library, "persons trained in the law," email, and telephones and requested that the District Court order that he be provided with access to a law library, "persons trained in law," email, and the telephone. Petition at 1-2. He argued that if he were provided relief, it would lead to his release because he would then be able to "prevail in various cases." Petition at 2. He further contended that he should be discharged from custody and the warden removed from public office.

The District Court treated the petition as one filed pursuant to 28 U.S.C. § 2241 and dismissed the petition before service, concluding that Banks did not challenge the fact or duration of his confinement and a habeas petition was not an appropriate remedy for his challenge to the conditions of his confinement. The dismissal was without prejudice to Banks' raising his claims in a civil rights action. Banks filed a notice of appeal, and the Government filed a motion for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536,

2

538 (3d Cir. 2002). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In its summary affirmance motion, the Government argues that a habeas petition is not the appropriate vehicle for Banks's claims. We agree. Banks's claims related to his prison conditions do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). While he requested release, none of his claims challenged the fact or length of his sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[1]

In his brief on appeal, Banks raises new allegations. He contends that he filed a motion seeking release from prison that was denied by the District Court and the warden sought to prevent his appeal from proceeding by confiscating Banks' legal papers. Generally, we do not address issues on appeal that were not raised before the District Court unless there are exceptional circumstances. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998). There are no such circumstances here. In any event, Banks's new allegations do not undermine our conclusion that his claims were not properly brought in a habeas petition.

---

[1] As noted above, Banks also sought quo warranto relief, requesting the warden's removal from office. Quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." QUO WARRANTO, Black's Law Dictionary (11th ed. 2019). Banks is not entitled to such relief.

For the reasons above, as well as those set forth by the District Court, this appeal does not present a substantial question. Accordingly, we grant the Government's motion, and we will summarily affirm the District Court's judgment.